Honorable Bill J. Ford State Bank Commissioner Tower Building — Suite 500 323 Center Street Little Rock, Arkansas 72201-2613
Dear Mr. Ford:
This is in response to your request for an opinion regarding the proper filing procedures for perfecting security interests. You note that questions have arisen in light of changes in legal filing requirements following the institution of a central filing system.
I have enclosed a copy of Opinion Number 87-222, issued by this office on June 29, 1987, which was provided in response to the question of whether a secured party can protect his security interest in a farm product by providing "direct notice." As noted in that opinion, Act 16 of the Second Extraordinary Session of 1986 established the requirement that certain information be filed with the Secretary of State's Office as a prerequisite to the enforcement of a security interest in farm products. See Ark. Stat. Ann. 85-9-307(4) (Inter. Supp. 1986). Section 2 of Act 16, codified as Ark. Stat. Ann. 85-9-407 (Inter. Supp. 1986), provides for the development of a central indexing system. We therefore concluded in Opinion Number 87-222 that the filing requirement and the central indexing system are in place; and that the absence of a three-fourths vote on the appropriation bill (House Bill 1043) would not appear to impact the existence of either the filing requirement or the indexing system.
It therefore follows that filings must be made in accordance with Act 16 in order to enforce a security interest in farm products ". . . against a buyer who, in the ordinary course of business, purchases farm products from, or a commission merchant or selling agent who, in the ordinary course of business, sells farm products for, a person engaged in farming operations." "Farm products" are defined under 85-9-109(3) (Cum. Supp. 1985) as:
 . . . crops or livestock or supplies used or produced in farming operations or if they are products of crops or livestock in their unmanufactured states (such as ginned cotton, woolclip, maple syrup, milk and eggs), and if they are in possession of a debtor engaged in raising, fattening, grazing, or other farming operations. `Farm products' also include fish grown for sale on any fish farm. If goods are farm products, they are neither equipment nor inventory.
Of course, Act 16 is limited to the enforcement of security interests in farm products against a buyer, or a commission merchant or selling agent, as set forth in that Act. Since Act 16 does not expressly repeal or modify any prior law, compliance with all other filing requirements with respect to farm products is prudent, and of course mandatory for purposes of enforcing a security interest in farm products against anyone other than a buyer, or a commission merchant or selling agent.
All filing procedures previously followed with respect to the other types of collateral referenced in your correspondence should be continued. These procedures would not appear to be impacted by the central indexing system established under Act 16 of the Second Extraordinary Session of 1986 (85-9-407).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. walker.